IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

Vs.                                                       No.  07-40101-02-SAC

KAREN M. HERNANDEZ-LOPEZ,

          Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the sentencing of the defendant on her conviction for conspiracy to possess with intent to distribute 46.84 kilograms of cocaine hydrochloride.  Because the defendant appears to meet the safety valve criteria in 18 U.S.C. § 3553(f), the Presentence Report (PSR) recommends a guideline range of 51 to 63 months without regard to the five-year mandatory minimum.  The PSR calculates a total offense level of 24.  The amount of cocaine results in a base offense level of 34 (U.S.S.G. § 2D1.1(c)(3)), but because of her minor role adjustment  the offense level is decreased by three levels to 31 (U.S.S.G. § 2D1.1(a)(3)).  There are additional reductions of two levels for safety valve eligibility (U.S.S.G. § 2D1.1(b)(11)), two levels for minor role (U.S.S.G. § 3B1.2(b)), and three levels for acceptance of responsibility

(U.S.S.G. § 3E1.1)). The PSR addendum reflects one unresolved objection which the defendant has argued in her sentencing memorandum (Dk. 66). The defendant objects to the denial of a four-level minimal role adjustment. Pointing to the mitigating factors identified in the PSR and arguing other family circumstances, the defendant also asks the court for a sentencing variance in the range of 24 to 30 months as opposed to the calculated guideline range of 51 to 63 months.

**MINIMAL ROLE**

The mitigating role adjustment in U.S.S.G. § 3B1.2 "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2, comment. (n. 3(A)). The determination whether a defendant is entitled to such a reduction is "heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2, comment. (n. 3(c)). The commentary to this guideline also explains that a defendant may still be eligible for a role adjustment even if she is being sentenced only for her limited personal involvement in a concerted criminal venture:

> For example, a defendant who is convicted of a drug trafficking offense, whose role in that offense was limited to transporting or storing drugs and who is accountable under § 1B1.3 only for the quantity of drugs the defendant personally transported or stored is

> not precluded from consideration for an adjustment under this guideline.

U.S.S.G. § 3B1.2, comment. (n. 3(A)).

The defendant does not earn a role reduction simply by being "the least culpable among several participants in a jointly undertaken criminal enterprise." *United States v. Lockhart*, 37 F.3d 1451, 1455 (10th Cir. 1994) (citing *United States v. Caruth*, 930 F.2d 811, 815 (10th Cir. 1991)). The court compares a defendant's culpability not only with other actual participants in that crime but also with average participants in that kind of crime. *Caruth*, 930 F.2d at 815. Relative culpability cannot be weighed without evidence "of other participants and their role in the criminal activity." *United States v. Sukiz-Grado*, 22 F.3d 1006, 1009 (10th Cir. 1994) (internal quotation marks omitted). In short, a minimal role reduction is appropriate only when the defendant is not only "substantially less culpable" than an average participant but is "plainly among the least culpable of those involved." U.S.S.G. § 3B1.2, comment. (n. 3(A) and 4). "[T]he defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participants." U.S.S.G. § 3B1.2, comment. (n. 4). If the defendant was a minimal participant in the criminal activity, the district court

decreases the offense level by four levels. U.S.S.G. § 3B1.2(a).  The burden of proving a role reduction rests with the defendant.  *See United States v. Onheiber*, 173 F.3d 1254, 1258 (10th Cir.1999).

From the facts stated in the PSR and proffered in the defendant's sentencing memorandum, the court finds that the defendant is entitled to a two-level reduction for minor role but is not entitled to a four-level minimal role reduction.  Within the parlance used and analysis employed under U.S.S.G. § 3B1.2, the court finds no meaningful distinction between the roles of the defendant and her co-defendant Martinez who also received a minor role adjustment.  Both were recruited by the same individual to assist in the transportation of drugs.  While Martinez assumed the role of the driver, the defendant along with her young child played the role of family and provided a cover for this illegal trip.  The court does not find that the defendant's knowledge about the conspiracy, the participants and the particulars of the trip to be significantly less than the apparent knowledge of her co-defendant Martinez.  In that regard, the defendant's evolving post-arrest statements on the purpose and details of this trip suggest the defendant may have been trying initially to conceal the identity and involvement of others.  The court overrules the defendant's objection

for a minimal role adjustment.

At the sentencing hearing, the court will address the defendant's arguments for a variance in its stated justification for the sentence.

IT IS THEREFORE ORDERED that the defendant's objection for a minimal role reduction as argued in her sentencing memorandum (Dk. 66) is overruled.

Dated this 16th day of September, 2008, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge